IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STUART LELAND COWAN,

Petitioner,

No. CIV 03-05323 ALA HC

vs.

MIKE KNOWLES,

Respondent.

ORDER

_____________________________/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his sentence of twenty-eight years to life for carrying a concealed dirk or dagger. For the reasons explained below Petitioner's petition is denied.

**I**

On direct appeal, the California Court of Appeal summarized the facts underlying Petitioner's conviction and sentence as follows:

> About 1:00 a.m. on October 29, 1999, Officers Tim Brown (Brown) and Christopher Campbell of the Bakersfield Police Department stopped a car driven by Kara Sanchez (Sanchez). [Petitioner] was riding in the back seat of the car. During the stop, Brown asked [Petitioner] to step out of the car. Brown asked if there were any weapons in [Petitioner's] possession. [Petitioner]

> answered he had a small folding pocketknife in his front pocket. Brown removed that knife from [Petitioner's] pocket and conducted a pat-down search without finding any other weapons or contraband.
>
> Brown questioned [Petitioner] after the pat-down search concerning [Petitioner's] tattoos. In response to the questioning, [Petitioner] lifted up his shirt. Brown noticed a flat piece of what appeared to be dark metal protruding just above the belt-line inside [Petitioner's] pants in the area of his right rear pocket. Brown removed the object, a flat throwing knife (knife) with a taped handle. The knife was about 10 inches long and the blade was sharp on both sides. [Petitioner] explained he used the knife in his tattooing business; apparently for making repairs and adjustments to his tattooing equipment. A pack or backpack belonging to [Petitioner] was found in the trunk of the car. The pack contained a variety of tattooing tools, inks and patterns.
>
> Officer Campbell gave testimony that essentially mirrored the testimony given by Brown. In particular, Campbell testified that [Petitioner] did not mention the knife in response to Brown's question whether [Petitioner] was armed.
>
> Sanchez, testifying for the defense, stated that after the pat-down search had been conducted, she heard [Petitioner] say words to the effect of informing Brown he had remembered he was carrying the knife. Both Sanchez and [Petitioner's] mother testified that [Petitioner] used the knife to make adjustments and repairs to his tattoo equipment.
>
> [Petitioner's] jury received an instruction defining the crime of carrying a concealed dirk or dagger pursuant to CALJIC No. 12.41 (1999 rev.), which was modified at the request of [Petitioner's] counsel to reflect a requirement that the dirk or dagger be carried with the specific intent that it be used as a weapon. The jury also received the standard instructions pursuant to CALJIC No. 2.90, Presumption of Innocence and CALJIC No. 17.41.1, Juror Misconduct. Jury instructions pursuant to CALJIC Nos. 2.71, Admission Defined, or 2.72, Corpus Delicti Must be Proved Independent of Admission or Confession, were not requested or given.

Answer, Appendix A. at 3-4.

Petitioner was charged with possession of a dirk or dagger in violation of California Penal Code § 12020, a felony. *Id.* at 2. Petitioner was also charged with possession of drug paraphernalia and being under the influence of a controlled substance, both misdemeanors. *Id.* It was alleged that Petitioner had three prior serious felony convictions within the meaning of California's three strikes law and that Petitioner did not remain free from custody for five years prior to committing this offense. *Id.*

Petitioner plead guilty to both misdemeanors and was found guilty, by jury trial, of the felony. *Id*. at 3. A bench trial was held concerning Petitioner's prior serious felony convictions, at which the court found those allegations true. *Id*. Petitioner was sentenced to twenty-five years to life plus three one year enhancements, for a total confinement of twenty-eight years to life. *Id*. Petitioner's conviction and sentence were upheld on appeal. *Id.* at 1-13. Petitioner sought review of the California Court of Appeal decision in the California Supreme Court. *Id.* at 15. Petitioner's request for review was denied without comment. *Id*. Petitioner now seeks habeas corpus relief from this court.

**II**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal court may grant an application for a writ of habeas corpus if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-

court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

A federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal court must independently review the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). As the last reasoned state court opinion in this matter, this court will review the decision of the California Court of Appeal. *See* Answer, Appendix A at 1-13.

**III**

Petitioner claims that his sentence of twenty-eight years to life imprisonment, under California's "three strikes" law, for carrying a concealed dirk or dagger violates his Eighth Amendment right against cruel and unusual punishment. Amended Petition at 19. Petitioner presented this argument only to the California Supreme Court which did not issue a reasoned opinion. Answer, Ex. 3 at 7 & Ex. 4 at 1.

In *Andrade*, the United States Supreme Court made clear that, in the context of an Eighth Amendment challenge to a prison sentence, the "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." 538 U.S. at 73 (*citing Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991); *Solem v. Helm*, 463 U.S. 277, 290 (1983); and *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel*, 445 U.S. at 272. In evaluating the proportionality principle in a non-capital sentence, we consider "objective factors" where

possible. *Taylor v. Lewis*, 460 F.3d 1093, 1098 (9th Cir. 2006) (*quoting Solem*, 463 U.S. at 290). Foremost among such factors are the severity of the penalty imposed and the gravity of the offense. *Id.*

In *Taylor*, the petitioner, who had previously been convicted of voluntary manslaughter and robbery with a firearm, received a sentence of twenty-five years to life after being convicted of possession of 0.036 grams of cocaine. *Id*. at 1095-96. In analyzing the severity of the penalty imposed, the Ninth Circuit Court of Appeals found that Taylor's sentence was less severe than that invalidated by the Supreme Court in *Solem* and identical to cases in which the Supreme Court had recently denied relief. *Id.* at 1098 (citing *Andrade* and *Ewing v. California*, 538 U.S. 11, 19-20 (2003)). Here, Petitioner has received a sentence almost identical to Taylor's.

The *Taylor* court next examined the gravity of the offense. In *Taylor*, the triggering offense was possession of cocaine. *Id*. The Ninth Circuit Court of Appeals found that Taylor's triggering offense of possession of cocaine was at least as serious as the property offenses in *Rummel*, *Ewing* and *Andrade*, where the Supreme Court upheld sentences of twelve or twenty-five years to life. *Id*. at 1099.

Here, the triggering offense was carrying a concealed dirk or dagger. A "'dirk' or 'dagger' means a knife or other instrument...that is capable of ready use as a stabbing weapon that may inflict great bodily injury or death." Cal. Penal Code § 12020 (1999 rev). Carrying a concealed weapon capable of causing great bodily injury or death is at least as serious a violation of the law as fraudulent use of a credit card (*Rummel*), theft of golf clubs (*Ewing*) or theft of videotapes (*Andrade*).

Finally, the *Taylor* court noted that while the principal focus must be on the felony triggering the life sentence, the court must also weigh Petitioner's history of felony recidivism. *Id*. In reviewing that history of felony recidivism an "extremely important focal point for proportionality review" is the presence of violence on a petitioner's record. *Id*. at 1100.

Petitioner's record includes convictions for burglary, battery and robbery. Lodged

Documents, Probation Report at 2-3. Petitioner's most recent prior offense involved attempted robbery at knife point. *Id*. Petitioner had been paroled from that conviction only six months prior to this offense. *Id.* Given Petitioner's criminal history, this court cannot say his sentence of twenty-eight years to life for concealment of a dangerous dirk or dagger was grossly disproportionate.

**IV**

Petitioner alleges that there was insufficient evidence to convict Petitioner of possession of a concealed weapon because there was no evidence Petitioner specifically intended to use the item as a weapon. Amended Petition at 22. The California Court of Appeal rejected Petitioner's argument. Answer, Appendix A at 7.

Specifically the California Court of Appeal noted two conclusion based on the evidence presented that the jury could have reached which support Petitioner's guilt.

> First, the jury could infer intent from the nature of the weapon itself. The jury could easily reason that [Petitioner's] explanation for carrying the knife was pretextual because a large-bladed, double-edged knife may be poorly suited to the repair and maintenance use [Petitioner] claimed. The jury could have reasoned [Petitioner] carried the small folding pocketknife for repairs, and the knife for use as a weapon. Second, the jury could have concluded the knife was carried with the specific intent that it was to be used as a weapon by the manner in which it was carried. The jury could reason that if the knife were to be used as a tool, it would not be carried inconveniently concealed inside [Petitioner's] pants with only the tip of the handle exposed; it would be carried in the pack with the rest of his tools.

*Id*. at 6.

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See also Prantil v.*

*California*, 843 F.2d 314, 316 (9th Cir. 1988) (per curiam). "[T]he dispositive question under *Jackson* is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318). A petitioner in a federal habeas corpus proceeding "faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274, 1275 & n.13 (9th Cir. 2005). In order to grant the writ, the habeas court must find that the decision of the state court reflected an objectively unreasonable application of *Jackson* and *Winship* to the facts of the case. *Sarausad v. Porter*, 479 F.3d 671, 677 (9th Cir. 2007).

The court must review the entire record when the sufficiency of the evidence is challenged in habeas proceedings. *Adamson v. Ricketts*, 758 F.2d 441, 448 n.11 (9th Cir. 1985), *vacated on other grounds*, 789 F.2d 722 (9th Cir. 1986) (en banc), *rev'd*, 483 U.S. 1 (1987). It is the province of the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. If the trier of fact could draw conflicting inferences from the evidence, the court in its review will assign the inference that favors conviction. *McMillan v. Gomez*, 19 F.3d 465, 469 (9th Cir. 1994). The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict. *United States v. Mares*, 940 F.2d 455, 458 (9th Cir. 1991). "The question is not whether we are personally convinced beyond a reasonable doubt. It is whether rational jurors could reach the conclusion that these jurors reached." *Roehler v. Borg*, 945 F.2d 303, 306 (9th Cir. 1991). The federal habeas court determines the sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16; *Chein*, 373 F.3d at 983.

Petitioner was convicted under the 1999 version of California Penal Code § 12020 (a) which provided that "any person in this state who ...carries concealed upon his or her person any dirk or dagger is punishable by imprisonment in a county jail not exceeding one year or in the

state prison." Cal. Penal Code § 12020 (a) (West 1999) (effective July 13, 1999) (current version at Cal. Penal Code § 12020 (a) (West 2004)). The statute as worded did not explicitly express a specific intent requirement. However, as the California Court of Appeal noted, in Petitioner's trial the jury received an instruction defining the crime as carrying a concealed dirk or dagger with the specific intent that it be used as a weapon. Answer, Appendix A at 4. There is no dispute that Petitioner was carrying a concealed dirk or dagger when he was contacted by law enforcement. Petitioner's only argument is that he lacked the specific intent to use the item as a weapon.

While it is not clear that the statute required a finding that Petitioner intended to use the item as a weapon, based on the evidence presented, the jury could have reasonably inferred that Petitioner intended to use the item as a weapon from the nature of the item and the manner in which Petitioner possessed it. This court cannot say that it is unreasonable for a jury to find that a man carrying a 10 inch long double-edged throwing knife inside his pants, did so with the intent to use that knife as a weapon. Having reviewed the record, this court finds there was sufficient evidence from which the jury could have reasonably found Petitioner guilty.

**V**

Petitioner asserts three claims concerning jury instructions. Petitioner first claims that the trial court erred by failing to instruct the jury about evaluating oral admissions with caution, on the definition of an admission and that the corpus delicti of a crime must be proven independently of an admission. Amended Petition at 9-10. Petitioner also argues that the trial court impermissibly diluted the state's burden of proof by instructing the jury that a defendant in a criminal action is presumed innocent until proven guilty, instead of instructing that a defendant is innocent unless proven guilty. *Id.* at 10. Finally, Petitioner claims that the trial court violated Petitioner's right to a jury trial by instructing the jury to report other jurors who refuse to deliberate or express an intention to disregard the law. *Id.* The California Court of Appeal rejected all three arguments. Answer, Appendix A at 7-13.

/////

**A**

A challenge to jury instructions does not generally state a federal constitutional claim. *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983). However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." *Hines v. Enomoto*, 658 F.2d 667, 672 (9th Cir. 1981) (*citing Quigg v. Crist*, 616 F.2d 1107 (9th Cir. 1980)); *See also Prantil v. California*, 843 F.2d 314, 317 (9th Cir. 1988) (To prevail on such a claim Petitioner must demonstrate that an erroneous instruction "so infected the entire trial that the resulting conviction violates due process.") The analysis for determining whether a trial is "so infected with unfairness" as to rise to the level of a due process violation is similar to the analysis used in determining, under *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993), whether an error had "a substantial and injurious effect" on the outcome. *See Thomas v. Hubbard*, 273 F.3d 1164, 1179 (9th Cir. 2001), overruled on other grounds by *Payton v. Woodford*, 299 F.3d 815, 828 n.11 (9th Cir. 2002). Because the omission of an instruction is less likely to be prejudicial than a misstatement of the law, a habeas petitioner whose claim involves a failure to give a particular instruction bears an especially heavy burden. *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

On appeal, the California Court of Appeal concluded that the trial court did in fact err when it failed to instruct the jury sua sponte concerning the need to evaluate oral admissions with caution and that the corpus delicti of a crime must be proven independently of an admission. Appendix A at 9. That court, however, found that Petitioner was not prejudiced by the lack of a jury instruction on corpus delicti because the corpus delicti was never challenged and even if it had been, finding a knife tucked inside Petitioner's pants was sufficient to establish corpus delicti. *Id.* at 10. Further, the California Court of Appeal, found that Petitioner was not

prejudiced by the lack of an instruction about evaluating oral admissions with caution because the admissions in Petitioner's case were consistent with his innocence. *Id*. As stated by the California Court of Appeal:

> [Petitioner's] statements to Brown were consistent with his assertion at trial that he possessed the knife with innocent intent. Logic dictated that the jury did not conclude otherwise simply because the prosecutor accused him of being untruthful. Rather, they found the basic nature of the knife and the circumstances of its concealment more persuasive than [Petitioner's] alternative explanation.

*Id*.

While the trial court may have erred in not instructing the jury sua sponte, this court can find no error with regard to any of the three disputed instructions that so infected the trial with unfairness or that had a substantial and injurious effect on the outcome. As such, this court finds that Petitioner's due process rights were not violated.

**B**

Petitioner claims that the presumption of innocence was diluted by the trial court's instruction that the defendant is guilty until the contrary is proven. Amended Complaint at 28. Petitioner contends the court should have instructed the jury that the defendant is innocent until proven guilty. *Id*. The California Court of Appeal rejected Petitioner's argument and concluded that, "there was no reasonable likelihood that the instruction as given could possibly have influenced the jury to find [Petitioner] guilty without proof of his guilt beyond a reasonable doubt." Appendix A at 11.

In order to warrant federal habeas relief, a challenged jury instruction "cannot be merely 'undesirable, erroneous, or even "universally condemned,"' but must violate some due process right guaranteed by the fourteenth amendment." *Prantil v. State of California*, 843 F.2d 314, 317 (9th Cir. 1988) (*quoting Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). To prevail, Petitioner must demonstrate that an erroneous instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle*, 502 U.S. at 72 (*quoting Cupp*, 414 U.S. at

147). In making its determination, this court must evaluate the challenged jury instructions "'in the context of the overall charge to the jury as a component of the entire trial process.'" *Prantil*, 843 F.2d at 817 (quoting *Bashor v. Risley*, 730 F.2d 1228, 1239 (9th Cir. 1984)). Further, in reviewing an allegedly ambiguous instruction, the court "must inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle,* 502 U.S. at 72 (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)).

Having reviewed the record, this court agrees with the holding of the California Court of Appeal and can find no violation of Petitioner's due process rights.

**C**

Petitioner alleges his Sixth Amendment right to a jury trial was impermissibly restricted by the trial courts use of CALJIC No. 17.41.1 regarding juror misconduct. Specifically, Petitioner argues that the instruction interferes with the jury's deliberation, is intimidating, and might deny a defendant's right to a unanimous verdict. Amended Petition at 34.

CALJIC No. 17.41.1 states that:

> The integrity of a trial requires that jurors, at all times during their deliberations, conduct themselves as required by these instructions. Accordingly, should it occur that any juror refuses to deliberate or expresses an intention to disregard the law or to decide the case based on penalty or punishment, or any other improper basis, it is the obligation of the other jurors to immediately advise the court of the situation.

In rejecting Petitioner's claim on appeal, the California Court of Appeal noted that it, "has consistently found that the plain language of the contested instruction does not support bare allegations of chilling of jury deliberation, invasion of jury privacy or denial of the right to a unanimous jury. Appendix A at 12.

However, the California Supreme Court has since discontinued the use of CLAJIC 17.41.1, finding that "[t]here is a risk that the instruction will be misunderstood or that it will be used by one juror as a tool for browbeating other jurors." *People v. Engelman*, 49 P.3d 209, 215

(Cal. 2002). This decision was based solely on the California Supreme Court's supervisory authority over lower California courts. *Brewer v. Hall*, 378 F.3d 952, 957 (9th Cir. 2004). The California Supreme Court, "did not find that the instruction violated an established federal constitutional right; indeed, it explicitly stated that no such constitutional violation resulted from the instruction." *Id*. (*quoting Engelman*, 49 P.3d at 213, "defendant has not provided any authority, nor have we found any, suggesting that the federal constitutional right to trial by jury ... requires absolute and impenetrable secrecy for jury deliberations in the face of an allegation of juror misconduct, or that the constitutional right constitutes an absolute bar to jury instructions that might induce jurors to reveal some element of their deliberations"). Thus, this circuit has held that *Engelman* comports with United States Supreme Court precedent and that, "[t]he California Supreme Court's decision to eliminate CALJIC 17.41.1 from the California courts' repertoire--as wise as that decision may have been--does not make it a clearly established unconstitutional instruction." *Brewer*, 378 F.3d at 957.

Thus there is no Supreme Court precedent clearly establishing that the use of CALJIC 17.41.1 results in a violation of a defendant's constitutional rights. Therefore, the trial courts use of CALJIC 17.41.1 was neither contrary to a clearly established federal law nor an unreasonable application of law to the facts.

**VI**

In accordance with the above, IT IS HEREBY ORDERED that Petitioner's petition for habeas corpus relief under § 2254 is denied.

/////

DATED: November 2, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation